

**ORDERED in the Southern District of Florida on January 18, 2019.**

**Mindy A. Mora, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Evan Halpern,                                    Misc. Proc. No. 18-00101-MAM

      Plaintiff,

v.

Brad S. Kuskin,

      Defendant.

_____/

**ORDER VACATING ISSUANCE OF WRIT OF GARNISHMENT [ECF NO. 6],**
**DENYING AS MOOT MOTION TO QUASH [ECF NO. 9],**
**AND DISMISSING MISCELLANEOUS PROCEEDING**

**THIS MATTER** came before the court upon the *Motion to Quash*

*Garnishment, Objection to Garnishment and Motion for Leave to Pursue Rule 57.105*

*Sanctions, or in the Alternative, for Relief to Pursue Rule 9011 Sanctions* (the "Motion

to Quash") (ECF No. 9) filed by the above-captioned defendant/garnishee ("Kuskin"), the response thereto (the "Response") (ECF No. 13) filed by the above-captioned plaintiff/garnishor ("Halpern"), and the answer (the "Answer") to the writ of garnishment filed by garnishee TD Bank, N.A. ("TD Bank"). The court scheduled the Motion for Quash for hearing on November 7, 2018 at 10:00 a.m. (the "Hearing"). At the Hearing, the parties presented argument regarding whether and to what extent Kuskin's earnings as a real estate broker may be viewed as exempt pursuant to Florida Statute § 222.11 ("Exemption of Wages From Garnishment"). The court took the matter under advisement. Because the court determines that it does not have subject matter jurisdiction to enforce the underlying judgment, the court issues this Order vacating issuance of the writ of garnishment, denying both the Motion to Quash and the Answer[1] as moot, and dismissing this proceeding.

## BACKGROUND

I.    The New Jersey Proceeding

On April 27, 2018, Halpern filed in this court a certification of judgment for registration in another district (the "Registration") (ECF No. 1), thereby commencing a miscellaneous proceeding (the "Miscellaneous Proceeding") in this district. The Registration states that the attached document is a copy of a judgment (the "Judgment") entered by the Bankruptcy Court for the District of New Jersey (the "New Jersey Bankruptcy Court") on January 12, 2015 in Adversary Proceeding No.

---

[1] Although the Answer was styled and titled as an answer to the underlying writ of garnishment, the final paragraph of the document contained a prayer for relief. Accordingly, the court will treat the Answer as a motion to the extent it seeks relief from this court.

12-2058 (the "New Jersey Proceeding"). It appears from the face of the Judgment that the New Jersey Proceeding related to the underlying bankruptcy case of Kuskin, which is identified as Case No. 10-13526 (the "New Jersey Bankruptcy Case") in the New Jersey Bankruptcy Court.

The Judgment itself recites that David Rather ("Ratner"), a plaintiff in the New Jersey Proceeding, and Kuskin, as the defendant/debtor in that proceeding, entered into a stipulation of settlement providing for, *inter alia*, (i) entry of judgment against Kuskin and in favor of Ratner in the amount of $176,470,[2] and (ii) non-dischargeability of the Judgment in the New Jersey Bankruptcy Case or in any subsequent bankruptcy case filed by Kuskin. Ratner and Kuskin executed their agreement(s) to the Judgment on December 2 and 3, 2014, respectively. On January 12, 2015, the New Jersey Bankruptcy Court entered the Judgment.

II.    Proceedings in This Court

After filing the Registration in April 2018, Halpern waited approximately five months before taking any further action in this court. On September 4, 2018, Halpern filed a notice of his intent to take the deposition *duces tecum* of Kuskin on September 27, 2018.[3] Shortly thereafter, on October 22, 2018, Halpern filed a motion for a writ of garnishment (ECF No. 4) (the "Writ"), which included a copy of the (unexecuted) Writ, along with a separate motion for the appointment of a process server (ECF No.

---

[2] Although it appears that Halpern was also a plaintiff in the New Jersey Proceeding, the record in the proceeding presently before this court does not clarify how or why Halpern is presently attempting to enforce a consent judgment entered in favor of Ratner.

[3] Halpern later amended the notice to provide for a date of October 17, 2018.

5). On October 24, 2018, the court entered a copy of the executed Writ on the docket (ECF No. 6). On November 2, 2018, Halpern filed a notice regarding the issuance of the Writ, which advised Kuskin of (i) the necessity of moving to dissolve the Writ within the time allotted under Florida Statute § 77.07(2), and (ii) the possibility of asserting various exemptions as a defense to the Writ. On November 9, 2018, Kuskin filed the Motion to Quash.

## ANALYSIS

The court raises the issue of subject matter jurisdiction *sua sponte*. Although neither party questioned the propriety of jurisdiction before this court, a bankruptcy court, as a court of limited jurisdiction, may only hear and decide a limited scope of matters. *Bass v. Denney (In re Bass)*, 171 F.3d 1016, 1022 (5th Cir. 1999). It is therefore not only appropriate, but necessary, for this court to determine whether it may exercise jurisdiction over the Miscellaneous Proceeding. *Id.* at 1021 ("Federal courts must be assured of their subject matter jurisdiction at all times and may question it *sua sponte* at any stage of judicial proceedings.") (emphasis added).

I.    Basis of Bankruptcy Jurisdiction

All federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (11th Cir. 1994). They possess the power to hear and decide only those matters for which the Constitution and Congress have explicitly authorized a statutory grant of power. *Id.* Courts may not expand this authority by judicial decree, nor may parties to an action broaden it by consent. *Id.*; *A.M.S. Printing Corp. v. Wernick* (*In re Wernick),* 242 B.R. 194, 197 (S.D. Fla. Bankr. 1999)

("[W]hile a party can consent to *in personam* jurisdiction, a party cannot create subject matter jurisdiction by consent.") (emphasis added). *But see Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1944-45 (2015) (discussing bankruptcy court adjudication of certain non-core matters upon consent of parties). As a court created under Article I of the Constitution,[4] this court's jurisdiction follows highly specific contours beyond which it may not wander.

Section 1334(b) of title 28 of the United States Code provides district courts with original (but not exclusive) jurisdiction over all civil proceedings "arising under title 11 or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Section 157(a) further provides that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). Within this district, the district court has codified a standing "order of reference" referring such matters to this court and other bankruptcy courts within the district. District Court Local Rule 87.2.

Section 157(b) and (c) of title 28 further delineate the limits of a bankruptcy court's subject matter jurisdiction. 28 U.S.C. § 157(b) & (c). These sections of the United States Code set forth a non-exhaustive list of "core" versus "non-core" matters, and further clarify the unique parameters of bankruptcy court jurisdiction. *Id.* A

---

[4] A thorough analysis of Article I versus Article III jurisdiction is beyond the scope of this opinion. The crucial distinction, however, stems from the constitutional requirement that "[t]he judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." U.S. Const., Art. III, § 1. As a result, subject matter jurisdiction over a bankruptcy case rests in the first instance with a district (not bankruptcy) court. *Wellness Int'l,* 135 S. Ct. at 1939. A bankruptcy matter is typically "referred" by a standing order of reference to the relevant bankruptcy court. *Id.*

bankruptcy court may therefore only hear and determine select matters arising in, arising under, or related to a proceeding under title 11 of the United States Code. *Wernick*, 242 B.R. at 196. And, even where those criteria are met, situations may arise where a party may nonetheless seek and be granted a withdrawal of the reference. *See* Local Bankruptcy Rule 5011-1.

For a proceeding to fall within a bankruptcy court's jurisdiction, it must satisfy, at a minimum, the standard for "related to" jurisdiction. *Harris v. Citigroup (In re Harris)*, 298 B.R. 897, 900 n.5 (Bankr. M.D. Ala. 2003) (citing *Michigan Emp. Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132 (6th Cir. 1991)). The Eleventh Circuit has employed the following test to determine the minimum standard for bankruptcy court jurisdiction:

> The test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. In other words, an action is sufficiently related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.

*Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir. 1990); *In re Munford*, 97 F.3d 449, 453 (11th Cir. 1996) (quoting same). Stated differently, for a bankruptcy court to exercise jurisdiction over a dispute, some nexus must exist between the civil proceeding and a title 11 case. *Munford*, 97 F.3d at 453; *Lemco Gypsum*, 910 F.2d at 787.

Moreover, the claims asserted in the relevant proceeding must impact the debtor's estate, not merely the debtor. *Bass*, 171 F.3d at 1022 ("This test is obviously

conjunctive: [F]or jurisdiction to attach, the anticipated outcome of the action must both (1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate."); *Elscint, Inc. v. First Wisconsin Fin. Corp. (In re Xonics, Inc.)*, 813 F.2d 127, 131 (7th Cir. 1987) ("[I]t is the relation of dispute to estate, and not of party to estate, that establishes jurisdiction."); *Boyer v. Conte (In re Import & Mini Car Parts, Ltd.)*, 200 B.R. 857, 859 (Bankr. N.D. Ind. 1996).

Bankruptcy court jurisdiction is not endless. *Edwards v. Sieger (In re Sieger)*, 200 B.R. 636, 638 (Bankr. N.D. Ind. 1996) ("Bankruptcy is not forever. Neither is the jurisdiction exercised by the bankruptcy court.") (internal citations and quotation marks omitted). Bankruptcy court jurisdiction extends only so far as the boundaries of the *bankruptcy purpose* served by the proceeding. *Id.* When that purpose no longer exists, bankruptcy jurisdiction lapses. *Id.; Mini Car Parts*, 200 B.R. at 861 ("Bankruptcy jurisdiction is apparently unique in federal jurisprudence because of the possibility that subsequent events may cause it to lapse.").

It is axiomatic that once a bankruptcy estate has been fully administered and the bankruptcy case has been dismissed, the estate ceases to exist. *Harris*, 298 B.R. at 901. Without an estate to administer, the fundamental basis of a bankruptcy court's "related to" jurisdiction also ceases to exist. *See id.* (quoting *Lemco Gypsum, Inc.*, 910 F.2d at 788). Because the crucial underpinning of "related to" jurisdiction for adversary proceedings includes the degree to which the action "could conceivably have an effect on the estate being administered in bankruptcy," the absence of an

estate naturally leads to the absence of bankruptcy court jurisdiction. *Lemco Gypsum*, 910 F2d at 788; *Xonics*, 813 F.2d at 131. Simply put, once the underlying bankruptcy case has been closed, there is no bankruptcy estate to be affected, and no further bankruptcy purpose to be served by the litigation. *Wernick*, 242 B.R. at 196; *Xonics*, 813 F.2d at 132; *Mini Car Parts*, 200 B.R. at 862 (quoting same). *But see McCowan v. Fraley (In re McCowan)*, 296 B.R. 1, 4 (BAP 9th Cir. 2003) (court issuing order had jurisdiction to enforce order after closure of case).

II.     <u>Subject Matter Jurisdiction Over The Garnishment Proceeding</u>

Dischargeability proceedings are essentially a form of declaratory relief. *Sieger*, 200 B.R. at 638. Because it is often impossible to separate the process of determining the dischargeability of the obligation (or a portion thereof) from the determination of the amount of the potential claim, a bankruptcy court is empowered to enter decisions that both quantify the amount and qualify the nature of the debt. *Id*. at 639. Once judgment has been rendered, however, the bankruptcy purpose of a dischargeability proceeding has been satisfied. *Id*.

To exercise jurisdiction over a garnishment proceeding after entry of judgment in a dischargeability dispute, a bankruptcy court must therefore have some basis for *enforcement* of the judgment beyond the mere power to render the judgment itself. *Sieger*, 200 B.R. at 639-40. That authority does not exist here.

"[J]urisdiction is the power to decide. It must be conferred, not assumed." *In re Chicago, Rock Island and Pacific R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986); *Sieger*, 200 B.R. at 639 (quoting same). Prior jurisdiction over a debtor's property does not

automatically confer subsequent jurisdiction over that property after the bankruptcy case is closed or the property is sold by the debtor's estate; likewise, a debtor's foray into bankruptcy does not provide jurisdiction over the debtor's person beyond the scope of the bankruptcy process. *Lemco Gypsum*, 910 F.2d at 788-899 (property sold by debtor could not be brought back into estate); *Xonics*, 813 F.2d at 131; *Sieger*, 200 B.R. at 639 ("Just because a federal court has entered a money judgment does not mean that it also has subject matter jurisdiction over all proceedings designed to turn that judgment into cash.") (internal citations omitted).

Collection of a non-dischargeable debt does not impact the bankruptcy estate. *Wernick*, 242 B.R. at 197. Because the creditor is not hindered by the discharge injunction imposed by 11 U.S.C. § 524 in its redress against the debtor, the creditor may pursue claims in state court to the extent allowed under applicable state law, by domesticating and enforcing the judgment with the applicable state court. *Mini Car Parts*, 200 B.R. at 861-62 (federal judgment could be domesticated in state court, where it would then be entitled to full faith and credit); Fla. Stat. § 55.501 *et seq.* (Florida Enforcement of Foreign Judgments Act). The availability of assets and remedies beyond the debtor's estate simultaneously provides the creditor with a greater means of enforcement, and also removes enforcement of any judgment from the confines of bankruptcy court jurisdiction. *Wernick*, 242 B.R. at 197-98.

Such is the case here. The New Jersey Bankruptcy Court entered the Judgment, which deemed the relevant debt non-dischargeable by consent. Having done so, the New Jersey Bankruptcy Court concluded the bankruptcy purpose of the

New Jersey Proceeding. Kuskin has never been a debtor before this court, and his prior case in New Jersey concluded many years ago. There is no possibility of continued subject matter jurisdiction pursuant to court order.[5] Garnishment of his wages to satisfy the Judgment will neither supplement nor decrease his now-defunct bankruptcy estate. *Mini Car Parts*, 200 B.R. at 862.

To state matters in the simplest possible terms, there is no federal question here.   Neither the Constitution nor any federal statute provide a basis for enforcement of the Judgment. Bankruptcy court jurisdiction has lapsed and may not be reinstated to garnish Kuskin's wages through a writ issued by this court.

### CONCLUSION

Accordingly, the court, having considered the Motion to Quash and the Response, having considered the arguments of counsel at the Hearing, having reviewed the record and all exhibits submitted by counsel, and being otherwise fully advised in the premises, hereby **ORDERS AND ADJUDGES** that:

1. The Writ is **VACATED**.

2. The Motion to Quash and the Answer are both **DENIED as moot**.

3. The Miscellaneous Proceeding is **DISMISSED**.

4. The court reserves jurisdiction only to determine those matters specifically arising from or directly related to the interpretation or enforcement of this Order.

**###**

---

[5] The absence of subject matter jurisdiction by this court over the New Jersey Proceeding precludes any argument regarding retention of jurisdiction to enforce the terms of the order.  *See Alderwoods Group, Inc. v. Garcia*, 682 F.2d 958, 971 (11th Cir. 2012).

Copy furnished to:

Julianne Frank, Esq.
Counsel to the Defendant/Garnishee

*Attorney Frank is directed to immediately serve a copy of this order upon all parties and file a certificate of service.*